**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                         **No. 5:24-CR-00257-JKP**

**SERGIO RIVERA**

## ORDER

Before the Court is Defendant Sergio Rivera's Notice of Appeal, (*ECF No. 127*), filed the eve of trial. In the Notice of Appeal, Mr. Rivera is requesting review of Judge Bemporad's Order, (*ECF No. 124*), denying Mr. Rivera's Motion for Reconsideration of Detention, (*ECF No. 101*). The Undersigned considered Mr. Rivera's request pursuant to Federal Rule of Criminal Procedure 59(a) and, upon review, the Court finds no part of Judge Bemporad's Order, (*ECF No. 124*), "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Therefore, the Court will not modify or set aside any part of the Order. To the extent Mr. Rivera is lodging a general objection to Judge Bemporad's Order, (*ECF No. 124*), it is overruled.

## BACKGROUND

The Court provides a brief history of Mr. Rivera's challenges to his Order of Detention. Relevant here, on November 21, 2025, Mr. Rivera filed a Motion to Revoke an Order of Detention, (*ECF No. 84*). The Undersigned held a hearing on the Motion on December 10, 2025. *See ECF No. 89*. For reasons stated on the record, the Court denied the Motion. *See* Text Ord., Dec. 10, 2025. Later, on February 19, 2026, Mr. Rivera filed an initial Notice of Appeal, (*ECF No. 98*), challenging the Undersigned's decision regarding Mr. Rivera's ongoing detention pending trial. On May 19, 2026, the Fifth Circuit issued its Opinion dismissing Mr. Rivera's appeal as untimely. *United States of America v. Sergio Rivera*, No. 26-50164 (5th Cir. May 19,

1

2026).

Thereafter, on June 15, 2026, Mr. Rivera filed a Motion for Reconsideration of Detention, (*ECF No. 101*). The Undersigned referred this Motion to U.S. Magistrate Judge Henry J. Bemporad. *See* Text Ord., June 17, 2026. Judge Bemporad held a hearing on this Motion on July 6, 2026, (s*ee ECF No. 117*), and afterward denied this Motion. *ECF No. 124*. It is this denial by Judge Bemporad of Mr. Rivera's Motion for Reconsideration of Detention, (*ECF No. 101*), that is the subject of Mr. Rivera's instant Notice of Appeal, (*ECF No. 127*).

### ANALYSIS

Under Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a). When a magistrate judge "enter[s] on the record an oral or written order" regarding the referred matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record[.]" *Id*. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. *Id*.

A motion for reconsideration that does not dispose of a charge or defense is a non-dispositive matter. Fed. R. Crim. P. 59(b)(1) (identifying "a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense" as examples of dispositive matters); *see U.S. v. Brinkley*, No. 1:22-CR-00211, 2023 WL 3874334 (W.D. Tex. June 7, 2023); *U.S. v. Vaughan*, No. 4:22-CR-00162, 2024 WL 4138750 (E.D. Tex. Sept. 10, 2024).

Here, Judge Bemporad's Order, (*ECF No. 124*), denying Mr. Rivera's Motion for Reconsideration of Detention, (*ECF No. 101*), states:

2

[T]he undersigned took evidence and heard argument from the parties. (See Docket Enty II 7.) At the hearing, the Government argued that, in light of Defendant's impending trial (set for Monday, July 13, 2026), his release would raise an intolerably high risk of his non-appearance. The undersigned found this argument to be well-taken; however, as a motion to continue the trial was pending before the District Court (see Docket Entry 109), Defendant's motion was taken under advisement pending the Court's ruling on the continuance motion.

On July 8, 2026, the District Court denied the motion for continuance. (See Text Order July 8, 2026.) In light of the District Court's ruling, and for the reasons stated by the Government at the July 6, 2026, hearing, the Court finds that there are no conditions of release that will reasonably assure the appearance Defendant as required. 18 U.S.C. § 3142(e)(l). Accordingly, Defendant's Motion to Reconsider Order of Detention (Docket Entry IOI) is **DENIED.**

*ECF No. 124*. Mr. Rivera's instant Notice of Appeal appears to generally contest Judge Bemporad's decision. *ECF No. 127*. Because Mr. Rivera does not include any details or draw the Court's attention to any specific points of contention, the Court is unable to discern any error.

The Court is aware that the Fifth Circuit has appellate jurisdiction over detention orders. "A detention order is a final decision over which we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. 18 U.S.C. § 3145(c)." *United States v. Dillon*, 611 F. App'x 209 (5th Cir. 2015). The Court is also aware, however, that the Fifth Circuit does not have jurisdiction over detention orders issued by magistrate judges. Generally, "appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Reeves*, No. 24-40013, 2024 WL 1234927, at *1 (5th Cir. Mar. 22, 2024); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). A person ordered detained by a magistrate judge may seek review by the district court. 18 U.S.C. § 3145(b). "It is not within our jurisdiction to undertake such review in the first place." 28 U.S.C. § 1291; *see also United States v. Gage*, No. 93-2125, 1993 WL 117780, at *1 (5th Cir. Mar. 22, 1993) (unpublished); 5TH CIR. R. 47.5.3.

The Court highlights this authority because a distinction must be drawn between the Detention Order that was challenged on appeal and the pending Order Defendant seeks to

challenge. The Fifth Circuit had jurisdiction to hear Defendant's appeal of the District Court's December 10, 2025, Order denying his pretrial release. The Court examined the propriety of the Magistrate Judge's order denying pretrial release. Because Defendant filed his Notice of Appeal late, the Fifth Circuit dismissed his appeal as untimely. After the Fifth Circuit's dismissal of Defendant's appeal, Defendant filed the Motion for Reconsideration on June 15, 2026. The District Court referred the Motion to the Magistrate Judge. The Magistrate Judge denied the Motion. Review of this Motion is governed by Fed. R. Crim. P. 59[1], not 28 U.S.C. § 1291. Therefore, the Court conducted its review under Rule 59(a).

### CONCLUSION

Accordingly, upon review, the Court finds no part of Judge Bemporad's Order, (*ECF No. 124*), "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Therefore, the Court will not modify or set aside any part of the Order. To the extent Mr. Rivera is lodging a general objection to Judge Bemporad's Order, (*ECF No. 124*),  it is **OVERRULED**.

It is SO ORDERED.
SIGNED this 13th day of July, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that a motion to reconsider the District Court's own decision may be governed by the standards for such motions under Federal Rule of Civil Procedure 54(b) for interlocutory rulings.  *United States v. Good*, No. CR 25-196, 2025 WL 2613628, at *3-4 (E.D. La. Sept. 10, 2025) .