**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **No. 5:24-CR-00257-JKP**

**SERGIO RIVERA**

**ORDER**

Before the Court is Defendant Sergio Rivera's Motion for New Trial, (*ECF No. 153*), to which the Government filed a Response, (*155*). Upon consideration, and for the reasons stated below, Defendant's Motion for New Trial, (*ECF No. 153*), will be denied.

**BACKGROUND**

On May 29, 2024, a grand jury returned the Indictment in this case charging Defendant Sergio Rivera with three counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e), and one count of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). *See ECF Nos. 10, 11*. On July 22, 2026, a jury returned a verdict of guilty on all counts. *See ECF Nos. 145, 146* (Redacted Jury Verdict).

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 33, "the [C]ourt may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Although the Court has discretion to grant or deny the motion, "motions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "The remedy of a new trial is rarely used" and "is warranted only where there would be a miscarriage of justice." *Id.* (internal quotation marks omitted); *see also United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (The Fifth Circuit "has held that the trial court should not grant a motion for a new trial unless there would be a miscarriage of justice . . . .").

## ANALYSIS

In his Motion, Defendant claims "[i]t was trial/legal error for the Court to deny Defendant the right to represent himself pursuant to [*Faretta v. California*, 422 U.S. 806 (1975)]." *ECF No. 153* at 1. Defendant acknowledges "[i]t is undisputed that a disruptive defendant can have his pro se status revoked," but argues, citing—*Illinois v. Allen*, 397 U.S. 337, 343 (1970)—"[his] behavior did not rise to the level that required that he not be permitted to represent himself." *Id.* at 2.

As the Fifth Circuit explains:

> The right to self-representation is necessarily implied by the Sixth Amendment, but it is not absolute. *See Faretta v. California*, 422 U.S. 806, 818, 824 [] (1975). A district court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Id.* at 834 []n.46. This court has also indicated that defendants may waive their right to self-representation via obstructionist conduct, especially if that behavior may be interpreted as a delay tactic. *See*, *e.g.*, *United States v. Long*, 597 F.3d 720, 726—27 (5th Cir. 2010); *United States v. Weast*, 811 F.3d 743, 748–49 (5th Cir. 2016).

*U.S. v. Hill*, 63 F.4th 335, 349 (5th Cir. 2023).

As documented in the Minute Entry and Transcript from July 21, 2026, on the first day of trial Defendant again attempted to halt proceedings when the Court asked Defendant whether he prepared an opening statement. *See* July 21, 2026 Min. Ent.; *see also ECF No. 160* (Excerpted Reporter's Transcript of Jury Trial). Defendant refused to answer the Court's question, refused to remain in his seat, and finally requested "to be ejected from the courtroom, please." *ECF No. 160*.

Prior to removing Defendant from the courtroom, the Court terminated Defendant's right to self-representation and cited on the record the above-mentioned Fifth Circuit authorities. *Id*. The Court further cited on the record in detail instances of Defendant's past obstructionist behavior. *Id*. This included Defendant's swallowing of razor blades the week prior for the admitted purpose by Defendant to delay his trial. *See ECF Nos. 130* (Eden Detention Center Incident Statement) ("I swallowed razor blades to delay court in the morning"); *ECF No. 135*; *ECF No. 136*.

To the extent Defendant argues, like the defendant in *U.S. v. Hill*, "that his conduct was not so extreme as in other cases in which [the Fifth Circuit] has found that revocation of pro se status was permissible," Defendant provides nothing in his Motion beyond the conclusory statement that "[his] behavior did not rise to the level that required that he not be permitted to represent himself." *ECF No. 153* at 2; *see Hill*, 63 F.4th at 350.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for New Trial, (*ECF No. 153*), is **DENIED**. It is so ORDERED.

SIGNED this 21st day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE